**Frank Staar, Appellee, v. Moy Tong Hoy et al., on appeal of Moy Tong Hoy, Appellant.**

### Gen. No. 16,885.

PRACTICE—*when diligence not shown on motion to set aside an order.* Defendant's motion to set aside an order to satisfy a judgment for costs on payment of a certain sum is properly denied where such motion is made two days after the entry of the order and it appears that all the facts relied on in the motion were known to defendant when complainant's motion for the order to satisfy was made, which was allowed five days later, but no effort was made to bring the facts to the court's attention.

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed January 29, 1913.

BULKLEY, GRAY & MORE, for appellant; C. PAUL TALLMADGE, of counsel.

No appearance for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

Appellee began in the Circuit Court of Cook county a suit in chancery against appellant. It was referred to a master in chancery. Before the master filed his

report it was agreed that his fees should be $125, half of which, or $62.50, was then paid by each side. The master's report was thereafter filed and later the suit was dismissed for want of prosecution, at the complainant's cost. The clerk of the Circuit Court thereupon gave to appellant what purported to be a certified copy of a fee bill against appellee for $125 master's fees and $3.00 appearance fee. It appears by the affidavit of one of the attorneys for appellant that attorneys for appellant later received a notice from the attorney for appellee that on July 29, 1910, at 10 o'clock A. M., before Judge Pinckney he would "ask" to have the costs retaxed; that the affiant appeared before Jurge Pinckney at the time and place mentioned in the notice and that no motion to retax costs was presented during the call of the motion calendar; "that affiiant's firm to his knowledge has had no notice of any motion for the retaxing of the costs," other than the one above mentioned; that on August 18, 1910, in pursuance to a notice received by him from the attorney of appellee, he appeared before Judge Tuthill, and that a motion was then made by appellee for an order to satisfy the judgment against appellee upon the payment of $3.00, and that "affiant then for the first time learned that the clerk had erased the item of Master's fees" from the fee book without notice "to affiant's firm." Five days later and on August 23, 1910, the motion made August 18, 1910, was allowed and an order entered to satisfy the judgment against appellee for costs on the payment into court of the sum of $3.00. Two days later and on August 25, 1910, appellant presented his motion to set aside and vacate the order of August 23, 1910, and to enter an order directing the clerk to "restore" the item of $125 master's fees in the "record," which last motion of appellant was overruled by the court. It is the order of the court in overruling this last motion that is appealed from.

There are several sufficient reasons apparent why

the action of the court in overruling the motion of appellant to set aside and vacate the order of August 23, 1910, was proper. We need mention but one, and that is that in all motions and proceedings to set aside and vacate the orders or judgments of a court the moving party must show that he has shown diligence to prevent the entry of the judgment or order complained of, and that the same was not entered because of any fault of his. A litigant may not sit idly by and speculate on what the ruling of the court may be in a pending matter and afterwards be heard to insist that such order be set aside for reasons known to him at the time the order complained of was entered, but which he negligently failed then to bring to the attention of the court. We know of no exception to this rule. The showing made by appellant on his motion to set aside this order discloses that he knew, on the 18th day of August, 1910, all the facts relied on in his motion to set it aside, and that although the motion was not disposed of until the 23rd of August, 1910, he made no effort whatever to bring such facts to the attention of the court until two days after the order was entered.

We think the record fails to disclose such diligence on the part of appellant as would warrant the court in allowing motion.

The order of the Circuit Court is, therefore, affirmed.

*Order affirmed.*